T.he opinion of the Court was delivered by
Dunkin, Ch.
In 1849 or 1850, the petitioner loaned to the late William L. Keith the sum of $200, for which he gave him his promissory note, payable with interest. The note being unpaid and nearly out of date, the petitioner, in March, 1854, sent his brother to the maker for the purpose of obtaining payment, or procuring from him a renewal of the note. William L. Keith, on this application, gave to the agent of the petitioner a new note, bearing date 27th March, 1854, for $209 55, payable, with interest, one day after date, to the said William L. Keith, or bearer. Upon receiving this note, the plaintiff’s agent delivered up to the said William L. Keith the original note. William L. Keith died in 1856; and the defendants are executors of his will. The note remaining unpaid, and the plaintiff, being advised that, in consequence of the form of the note, he could maintain no action at law, filed this petition to obtain payment, and a decree was made accordingly.
From this judgment the defendants appealed on the grounds:
1. That the note 27th March, 1854, was void in law.
2. That the plaintiff has a plain and adequate remedy at law, if entitled to aid in any jurisdiction.
The first proposition, has the authority of Glenn vs. Sims, 1 Rich., 34, which was also recognized in Devore vs. Munday, 4 Strob., 15, where it was ruled that, on a promissory note, payable to the maker or bearer, the holder could maintain no action at law against the maker. But, in the principal case, *85 (Glenn vs. Sims,) the Court, after adverting to the reason of the rule, proceed to say that “in all such cases the proper relief is administered by the Court of Equity, which has power to proceed upon the original contract; while this Court is confined to the written form to which such contract has been reduced.” Accordingly, upon application to the Court of Equity, ample relief was afforded to the plaintiff, as will be seen in the report of the case under the title Glenn vs. Caldwell, 4 Rich. Eq., 168.
It is ordered and adjudged that the decree of the Circuit Court be affirmed, and the appeal dismissed.
Johnston and Wardlaw, CC,, concurred.

Appeal dismissed.